IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI LYNN RUPERT, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 24-cv-477 |
| ) | |
| v. ) | District Judge Nora Barry Fischer |
| ) | Magistrate Judge Maureen P. Kelly |
| DAVE PROGAR; TIM RUPERT; ) | |
| DISGUISED PAROLE OFFICER; RICHARD ) | |
| GOLDINGER, *District Attorney Butler* ) | |
| *County*; BEAU SNEDDON, *Warden, Butler* ) | |
| *County Prison*; *and* THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed for failure to prosecute, and that a certificate of appealability be denied.

## II. REPORT

At the time of filing, Jodi Lynn Rupert ("Petitioner") was a pretrial detainee held at the Butler County Prison ("BCP") in Butler, Pennsylvania. This case was initiated on April 1, 2024 with the submission of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), challenging her pretrial detention in Case No. 662-2023 in the Court of Common Pleas of Butler County of Pennsylvania. ECF No. 1. The Petition was filled without the filing fee or a motion to leave *in forma pauperis* ("IFP").

On April 5, 2024, this Court issued a Deficiency Order directing Petitioner either to pay the filing fee or to submit a properly completed IFP motion by May 6, 2024. ECF No. 2. That

1

Order also instructed Petitioner to complete and return the appropriate consent form. This case was administratively closed pending Petitioner's response.

Petitioner did not respond. On November 8, 2024, the Court reissued the Deficiency Order, extending the deadline to December 9, 2024. ECF No. 3. Copies of the Order and attachments were mailed to the Petitioner's last known address at BCP. Again, no response was received.

On June 9, 2025, chambers staff contacted BCP and confirmed that Petitioner no longer was held there.  On the same date, staff at the Court of Common Pleas of Butler County confirmed that Petitioner's underlying state court case had been resolved, and was sealed pursuant to Pennsylvania's Clean Slate Law.  See 18 Pa. C.S.A. § 9122 et seq.  An attempt to view the electronic docket of what is presumed to have been Petitioner's underlying state criminal case, see ECF No. 2 at 1, retuned no results. See Com. v. Rupert, No. CP-10-CR-662-2023 (C.C.P. Butler Cnty.)[1]

To date, Petitioner has failed to pay the required filing fee, submit an IFP motion, respond to any court order, or otherwise prosecute this case. Because the record contains no alternative address, this Report and Recommendation will be mailed to BCP, the last known location of the Petitioner.

**A. Legal Standard**

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a litigant's failure to prosecute or to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in

---

[1] Docket previously available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-10-CR-0000662-2023&dnh=0egSvdQpWL6nwVo5fTq3GQ%3D%3D (last attempted visit July 14, 2025, error message returned)).

2

contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Application of the Poulis factors is appropriate in the context of habeas cases as well as to civil rights actions. Harlacher v. Pennsylvania, No. 10-0267, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12, 2010), report and recommendation adopted, 2010 WL 1445552 (M.D. Pa. Apr. 9, 2010) (applying Poulis to a habeas case).

Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility

Petitioner is proceeding in this matter *pro se*, and is alone responsible for prosecuting this case and complying with orders of this Court.

(2) Prejudice to the adversary

Respondents have not been served the Petition. There is no indication that any Respondent has been prejudiced unfairly by Petitioner's conduct.

3

(3) A history of dilatoriness

Petitioner has failed to respond to any order of this court. Further, as of this date, Petitioner has not paid the applicable filing fee or moved for leave to proceed IFP. Petitioner also has not updated her address with this Court in this matter. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case.

(4) Whether the party's conduct was willful or in bad faith

Petitioner has not responded to any court order, or advised this Court of the status of her underlying state court case, or provided an updated address. It appears that Petitioner has willfully failed to prosecute this case.

(5) Alternative sanctions

Petitioner currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees likely would be an effective sanction.

(6) Meritoriousness of the case

A habeas petition attacking pretrial detention under 28 U.S.C. § 2241 is mooted upon the petitioner's release from detention or conviction of the underlying charges. See, e.g. Williamson v. Allegheny Cnty. Jail, No.. 12-280, 2013 WL 451877, at *2 (W.D. Pa. Feb. 6, 2013); see also Rice v. State of Pennsylvania, No. 16-767, 2016 WL 3287573, at *5 (E.D. Pa. Apr. 26, 2016), report and recommendation adopted, 2016 WL 3181903 (E.D. Pa. June 8, 2016). In light of the information set forth above, this case likely is moot.

Based on the foregoing analysis, the balance of the Poulis factors weighs in favor of dismissal. To the extent that one is necessary, a certificate of appealability should be denied because jurists of reason would not find the foregoing debatable. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**III. CONCLUSION**

Based on the reasons set forth above, it is respectfully recommended that this case be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: July 24, 2025

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Hon. Nora Barry Fischer
United States District Judge

Jodi Lynn Rupert
43152
Butler County Prison
202 S Washington Street
Butler, PA 16001